

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VERNON BUNN,

                            Plaintiff,

   - against -

FEDERAL EXPRESS CORPORATION,
"JOHN DOE", THE NAME "JOHN DOE"
being ficticious and intended to designate the
person pushing the Hand Cart of said
FEDERAL EXPRESS CORPORATION
at the time and place herein alleged,

                            Defendants.
------------------------------------------------------------------X

07 Civ.

**NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

        Defendant, FEDERAL EXPRESS CORPORATION, pursuant to 28 U.S.C. §1441, states:

        1.     A civil action bearing Index No. 113536/07 has been instituted by plaintiff, VERNON BUNN, and is pending in the Supreme Court of the State of New York, County of New York, in which FEDERAL EXPRESS CORPORATION is a defendant.

        2.     Defendant, FEDERAL EXPRESS CORPORATION was and is incorporated in the State of Delaware and at all relevant times has had its principal place of business in the State of Tennessee.

        3.     Upon information and belief, plaintiff VERNON BUNN, individually, was and is a citizen and resident of the State of New York.

        4.     Therefore, this action is between citizens of different states as defined by 28 U.S.C. §1332(a)(1).

5. In his Verified Complaint, plaintiff seeks damages in an amount that exceeds the jurisdictional limits of all lower courts and to be determined at the time of trial.

6. Therefore, upon information and belief, the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332(a).

7. Thus, this Court has original diversity jurisdiction and removal jurisdiction over this claim pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

8. Defendant FEDERAL EXPRESS CORPORATION received a copy of the initial pleading setting forth the claim for relief upon which this action is based on or about October 24, 2007.

9. Therefore, in accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

10. Copies of the Summons and Verified Complaint, which constitute all process, pleadings and orders received by the FEDERAL EXPRESS CORPORATION, in this action, are collectively annexed hereto as Exhibit "A".

WHEREFORE, defendant FEDERAL EXPRESS CORPORATION gives notice that this action is removed from said state court to this Court.

Dated: New York, New York
November 19, 2007

ANTHONY W. ECKERT III, ESQ.

By: _____
Anthony W. Eckert III (AWE-7949)
**Attorney for Defendant**
**Federal Express Corporation**
555 Fifth Avenue
15th Floor
New York, NY 10017
(212) 922-0450

TO:  DOMINICK W. LAVELLE, ESQ.
Attorneys for Plaintiff
38 Willis Avenue
Mineola, New York 11501
(516) 739-8111

Legal Tabs Co. 1-800-322-3022

**Exhibit A**

RECEIVED
OCT 25 2007
LITIGATION/
SUBPOENA GROUP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x
VERNON BUNN,

                      Plaintiff,

      -against-

FEDERAL EXPRESS CORPORATION,
"JOHN DOE", the name "JOHN DOE"
being fictitious and intended to
designate the person pushing the
Hand Cart of said FEDERAL
EXPRESS CORPORATION at the time
and place herein alleged,

                      Defendants.
------------------------------------x

Index No.: 113536/07
Date purchased: 10/9/07

Plaintiff(s) designate(s)
New York
County as the place of trial

The basis of the venue is
Residence of Plaintiff

SUMMONS

Plaintiff resides at
101-125 47th Street
New York, New York 10039

County of New York

To the above named Defendant(s).

     You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 1, 2007

                                   Dominick W. Lavelle
                               Attorney(s) for Plaintiff

Defendant Address:

Federal Express Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

Office and Post Office Address
38 Willis Avenue
Mineola, New York 11501

la\11478summons

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------x
VERNON BUNN,

                Plaintiff,　　　　　　　　　Index No.:

          -against-　　　　　　　　　　　Date of Filing:

FEDERAL EXPRESS CORPORATION,
"JOHN DOE," the name "JOHN DOE"　　　　VERIFIED COMPLAINT
being fictitious and intended to
designate the person pushing the Hand
Truck of said FEDERAL EXPRESS
CORPORATION at the time and place
herein alleged,

               Defendants.
-------------------------------------x

    Plaintiff, VERNON BUNN, by and through his attorney, DOMINICK W. LAVELLE, ESQ., complaining of the defendants herein, hereby alleges as follows:

    1. That at all times hereinafter mentioned, plaintiff VERNON BUNN was, and is, a resident of the County of New York, State of New York, residing at 101-125 West 47th Street, Apartment 14H, New York, New York 10039.

    2. That in and at all times hereinafter mentioned, and upon information and belief, defendant FEDERAL EXPRESS CORPORATION is a foreign business corporation duly created and existing under the laws of the State of Delaware, doing business in New York, with its registered agent for the service of process being CT Corporation, 111 Eighth Avenue, New York, New York 10011.

    3. That in and at all times hereinafter mentioned and upon

information and belief, defendant designated herein as "JOHN DOE" is the person who, at the time and place herein mentioned was operating a Hand Truck belonging to the defendant, FEDERAL EXPRESS CORPORATION, as hereinafter described. The true name of said person is unknown to plaintiff, and the name "JOHN DOE" is fictitious.

4. That the premises known as 550 Madison Avenue, New York, New York 10022 was a public commercial building on or about June 1, 2007 (the "Premises").

5. That plaintiff VERNON BUNN was lawfully on the Premises on or about June 1, 2007 as an employee of Sony.

6. That defendant FEDERAL EXPRESS CORPORATION made deliveries to the Premises on June 1, 2007.

7. That defendant "John Doe" was employed by defendant FEDERAL EXPRESS CORPORATION on June 1, 2007.

8. That defendant "John Doe" was hired by defendant FEDERAL EXPRESS CORPORATION on or before June 1, 2007.

9. That defendant "John Doe" was trained by defendant FEDERAL EXPRESS CORPORATION on or before June 1, 2007.

10. That defendant "John Doe" was controlled by defendant FEDERAL EXPRESS CORPORATION on June 1, 2007.

11. That defendant "John Doe" was being supervised by defendant FEDERAL EXPRESS CORPORATION on June 1, 2007.

12. That defendant "John Doe" was making deliveries for defendant FEDERAL EXPRESS CORPORATION on June 1, 2007.

13. That defendant "John Doe" was trained on how to use the Hand Truck by defendant FEDERAL EXPRESS CORPORATION on or before June 1, 2007.

14. That defendant "John Doe" was given the specific Hand Truck used on June 1, 2007 by defendant FEDERAL EXPRESS CORPORATION.

15. That defendant FEDERAL EXPRESS CORPORATION had a duty to hire, train, supervise and control its employees, including "John Doe", on the proper techniques for using Hand Trucks in order to assure that they are used safely and injuries avoided.

16. That on the 1st day of June, 2007, at approximately 10:30 A.M., while plaintiff was walking in the office where he worked on the Premises in a prudent and careful manner he was struck by the Hand Truck owned by defendant FEDERAL EXPRESS CORPORATION and operated by "JOHN DOE".

17. That defendants were negligent in their control, operation, ownership and maintenance of said Hand Truck and thereby

did cause plaintiff's injuries to occur.

18. That defendants were negligent in their hiring, training, m employment, supervision, control and oversight of defendant "John Doe" and thereby did cause plaintiff's injuries to occur.

19. That by reason of the foregoing, plaintiff VERNON BUNN was injured.

20. That the foregoing accident and the resulting injuries and damages to plaintiff, VERNON BUNN, were caused solely by virtue of the carelessness, negligence and culpable acts and conduct on the part of the defendants and without any negligence on the part of the plaintiff contributing thereto.

21. That this action falls within one or more of the exceptions set forth in CPLR 1602.

22. That by reason of the foregoing, plaintiff VERNON BUNN, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff VERNON BUNN will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries and plaintiff VERNON BUNN has

suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and the plaintiff VERNON BUNN will be unable to pursue his usual duties with the same degree and efficiency as prior to this accident, all to his damage.

23. That by reason of the foregoing, plaintiff, VERNON BUNN has suffered damages.

WHEREFORE, plaintiff VERNON BUNN demands judgment against the defendants and has suffered damages in an amount which exceeds the jurisdictional limits of all the lower courts, the costs and disbursements of this action, and such other relief the court may deem just and proper.

Dated: Mineola, New York
October 1, 2007

Respectfully submitted,

Dominick W. Lavelle, Esq.
Attorney for Plaintiff
VERNON BUNN
38 Willis Avenue
Mineola, New York 11501
(516) 739-8111

I\vc11478

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

I, Brenda Martinez, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Queens County.

On the **19th day of November, 2007**, deponent served the within **NOTICE OF REMOVAL** upon:

> DOMINICK W. LAVELLE, ESQ.
> 38 Willis Avenue
> Mineola, New York 11501
> (516) 739-8111

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Brenda Martinez

Sworn to before me this
19th day of November, 2007.

_____
Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4989528
Qualified in New York County
Commission Expires Dec. 9, 20_09_