UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VERNON BUNN,

                                                      07 Civ. 10454 (SHS ) (RLE)

                        Plaintiff,

   - against -

FEDERAL EXPRESS CORPORATION,
"JOHN DOE", THE NAME "JOHN DOE"                           **ANSWER**
being ficticious and intended to designate the
person pushing the Hand Cart of said
FEDERAL EXPRESS CORPORATION
at the time and place herein alleged,

                                 Defendants
------------------------------------------------------------------------X

       Defendant, FEDERAL EXPRESS CORPORATION, by its attorney, ANTHONY W. ECKERT III, ESQ., as and for its Answer to plaintiff's' Verified Complaint, alleges upon information and belief, as follows:

       **FIRST:**      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "3 ", "4", "5", "7", "8", "9", "10", "11" and "12" of the Verified Complaint herein.

       **SECOND:**     Denies the allegations contained in paragraphs "6", "14", "15", "16", "17", "18", "19", "20", "21", "22" and "23"of the Verified Complaint herein.

       **THIRD:**      Admits the allegations contained in paragraph "2" of the Verified Complaint herein.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**EIGHTH:** If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendant expressly denies, such damages were caused in whole or in part by plaintiff's negligence, culpable conduct, or assumption of risk, and to the extent of his culpability, plaintiff is barred from recovery or, alternatively, shall have their damages reduced in the proportion that his culpable conduct bears to all conduct causing or contributing to such damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**NINTH:** If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendant expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Defendant exercised no control or supervision, and not by reason of any culpable conduct of Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**TENTH:** Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with C.P.L.R. 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**ELEVENTH:** The Verified Complaint fails to state a cause of action against Defendant upon which relief may be granted.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

**TWELFTH:** Plaintiff's injuries were caused in whole or in part by plaintiff's own negligence, and accordingly plaintiff's claims are barred or reduced by the applicable state law of comparative negligence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

**THIRTEENTH:** That the plaintiff did not sustain serious and permanent injuries as defined by Section 5102 of the Insurance Law of the State of New York, and his exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

**FOURTEENTH:** The plaintiff's actions are barred by Article 51, §5104 of the Insurance Law of the State of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

**FIFTEENTH:** Defendant asserts that this case falls within the limited liability provisions of Section 1601 of the Civil Practice Law and Rules, and that the Defendant's liability for non-economic loss, if any, shall be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

**SEVENTEENTH**: Plaintiff failed to mitigate his damages.

**WHEREFORE**, defendant, FEDERAL EXPRESS CORPORATION, demands judgment

dismissing plaintiff's Verified Complain therein, together with the costs and disbursements of this action.

Dated: New York, New York
November 27, 2007

                                           ANTHONY W. ECKERT III, ESQ.

                                           By: /s/ Anthony W. Eckert
                                                Anthony W. Eckert III (AWE-7949)
                                         Attorney for Defendant
                                         Federal Express Corporation
                                         555 Fifth Avenue, 15th Floor
                                         New York, New York  10017
                                         (212) 922-0450

TO:    DOMINICK W. LAVELLE, ESQ.
          Attorneys for Plaintiff
          38 Willis Avenue
          Mineola, New York 11501
          (516) 739-8111